UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DAVID L. SMITH | CIVIL ACTION NO. 06-0835 |
| VS. | SECTION P |
| WARDEN CLOVIS TILLERY | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff David L. Smith on May 17, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Richwood Correctional Center (RCC), Monroe, Louisiana, and complains that RCC's Warden, Clovis Tillery, has refused to refer him to the LDOC's work-release program. He names Warden Tillery as his only defendant and seeks an order which would allow him to participate in the program.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DISMISSED** as frivolous.

## STATEMENT OF THE CASE

Plaintiff is an LDOC inmate who is incarcerated at the RCC where he is serving a hard labor sentence imposed as a result of his conviction on a charge of carnal knowledge of a juvenile. When he filed his complaint in May 2006, plaintiff stated in an accompanying cover letter that he had been in LDOC custody for 4 ½ years and had six months left on his sentence. He also indicated that he was "a model inmate." [doc. 1-1, p. 15]

Prior to January 6, 2006, plaintiff corresponded with the City of Faith Community Correctional Center in Monroe, Louisiana, and inquired about the facility's work-release program. That facility responded to plaintiff's inquiry and advised him to notify the Classification Officer or Warden of RCC and indicate his desire to participate in the work-release program. The letter advised plaintiff that the Warden or Classification Officer would then determine whether or not plaintiff was eligible for work-release, and if so, would forward plaintiff's application to Hunt Corrections Center (HCC) in St. Gabriel for final approval. [doc. 1-1, p. 13] Plaintiff apparently corresponded again with City of Faith because on February 23, 2006, he received another identical letter from that facility. [*id.*, p. 14]

On February 13, 2006, plaintiff submitted an inmate request form requesting an interview with RCC's Warden Savage. Plaintiff indicated that he was interested in being enrolled in the work-release program. On February 14, 2006, Warden Savage advised plaintiff that he did not fit the criteria for work-release. [*id.*, p. 5]

On February 23, 2006, plaintiff submitted a formal grievance complaining that he was being denied the opportunity to participate in the LDOC's work-release program. The grievance was designated as RCC – 00 – 886. Therein plaintiff requested "...to be placed in those programs which I am eligible by law, or to be placed in the institution which grants me these rights by law..." [*id.*, p. 6]

On March 14, 2006, RCC Major Reese London responded to the grievance and noted, "Inmate Smith's name has been submitted several times to various Half-Way Houses and Work Release Programs, with no success. We have tried to assist Inmate Smith with his requests for Work Release or transfer to a Half-Way House. However, we can only recommend that this inmate go to these types of programs, and the final decision is left up to the Department of Corrections." [*id.*, p. 7; 10]

Thereafter plaintiff submitted a request for warden's review of the ARP. [*id*., pp. 8-9] Apparently that request was denied and plaintiff filed his petition on May 17, 2006.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner is files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity and is permitted to proceed *in forma pauperis* the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915 and 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's pleadings are concise but nevertheless they present the best case which could be presented by plaintiff under the circumstances. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

## 2. Liberty Interest and Due Process

In order to hold the defendant liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985).

Plaintiff claims that the defendant is in violation of the provisions of La. R.S.15:1111(G) and that his actions violate plaintiff's rights to participate in the Louisiana Work-Release Program. Plaintiff thus implies that he has a vested property or liberty interest in participating in Work-Release and that Warden Tillery has unlawfully deprived him of that right.

The Fourteenth Amendment guarantees that neither life, liberty nor property may be denied without due process of law. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "<u>The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those</u>

inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit held that "...La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

### 3. Property Interest and Due Process

To the extent that plaintiff implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of entitlement to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988).

5

The Fifth Circuit has also held that prisoners have no property interest in work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995).

### 4. State Law Claim

Finally, to the extent that plaintiff implies that the defendant has violated the provisions of La. R.S.15:1111, his claim fares no better. The law is clear: a violation of state law does not state a constitutional claim cognizable under 42 U.S.C. §1983. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995).

### Conclusion

Plaintiff has failed to support his 42 U.S.C. § 1983 action by showing that he was deprived of a right or interest secured by the Constitution and laws of the United States. See *Doe v. Rains County Ind. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 26th day of June, 2006.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　　　　U. S. MAGISTRATE JUDGE